**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIM RATLEFF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 4084 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| PERFECTION EQUIPMENT, INC., | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PERFECTION EQUIPMENT, INC.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant PERFECTION EQUIPMENT, INC. ("Defendant"), by and through its attorneys, hereby submits its answer and affirmative defenses to plaintiff TIM RATLEFF's ("Plaintiff") Complaint.

## I. PARTIES

1.　　Mr. Ratleff, Plaintiff, is African-American/Black and at all times pertinent to this cause of action was employed by PERFECTION EQUIPMENT.

**ANSWER:**　Defendant admits the allegations in Paragraph 1 of the Complaint.

2.　　PERFECTION EQUIPMENT, Inc., is a company with over fifteen employees as defined by Title VII of the Civil Rights Act of 1964, and located at 4259 Lee Avenue, Gurnee, Illinois 60031.

**ANSWER:**　Defendant admits the allegations in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3.　　The United States District Court, Northern District of Illinois has jurisdiction as this cause of action arises under Title VII of the Civil Rights Act of 1964.

**ANSWER:**　Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff

1190331.1

purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

Defendant denies that it has violated Title VII, or any other federal or other statute, law, or

regulation.  Defendant denies each and every remaining allegation contained in Paragraph 3 of

the Complaint.

4.     The U.S. EEOC issued a Right to Sue Letter for Charge No. 21B-2006-01998 on
April 21, 2008 which was served on Mr. Ratleff via Certified Mail on April 23, 2008 (see
attached).

**ANSWER:**   Defendant admits that Plaintiff's Complaint includes an attachment which

purports to be a Dismissal and Notice of Rights issued by the Equal Employment Opportunity

Commission ("EEOC") on or about April 21, 2008.  Defendant is without sufficient knowledge

or information to form a belief as to the truth of the allegation that plaintiff received the

Dismissal and Notice of Rights on April 23, 2008 and, therefore, Defendant denies the

allegation.  Defendant denies each and every remaining allegation contained in Paragraph 4 of

the Complaint.

5.     Venue is proper in this District and Division because the events detailed herein
occurred while Plaintiff was employed in the Northern District of Illinois, Eastern Division.

**ANSWER:**   Paragraph 5 of the Complaint contains legal conclusions to which no

response is required.  To the extent a response is required, Defendant denies each and every

allegation contained in Paragraph 5 of the Complaint.

### III.  STATEMENT OF FACTS

6.     PERFECTION EQUIPMENT designs and sells refrigerated beer dispensing
systems (commercial keg beer refrigeration and dispensing systems as well as condiment and
soda dispensing).

**ANSWER:**   Defendant admits the allegations in Paragraph 6 of the Complaint.

7.     Mr. Ratleff began working for PERFECTION EQUIPMENT on March 2, 2005 as a Sales Engineer.

**ANSWER:**  Defendant admits the allegations in Paragraph 7 of the Complaint.


8.     Mr. Ratleff was hired by Alan Hale, Operations Manager.

**ANSWER:**    Defendant admits the allegations in Paragraph 8 of the Complaint but

affirmatively states that Bob Barnhisel ("Barnhisel") also participated in the decision to hire

plaintiff.


9.     Between March 2, 2005 and May 12, 2006, Mr. Ratleff was under the direct training and supervision of Bob Barnhisel (non-African-American/Black), Sales and Installation Coordinator.

**ANSWER:**  Defendant denies each and every allegation contained in Paragraph 9 of the

Complaint.


10.    Mr. Ratleff's duties included, among other things, the servicing of PERFECTION EQUIPMENT accounts, the sale of PERFECTION EQUIPMENT products and services and the development of sales quotes for such products and services.

**ANSWER:**  Defendant admits the allegations in Paragraph 10 of the Complaint.


11.    During the time period between March 2, 2005 and May 12, 2006, Mr. Ratleff experienced a number of incidents which increasingly led him to believe he was being discriminated against based upon his race and color.

**ANSWER:**   Defendant denies each and every allegation contained in Paragraph 11 of

the Complaint.


12.    During the fourteen-month tenure of Mr. Ratleff's employment as a Sales Engineer, he never received printed business cards despite repeated requests to the Purchasing Director, Gene Wood.  His predecessor, Jeffrey Kaplan was supplied printed business cards and Tad Domek, hired several months after Mr. Ratleff, received printed business cards several days after being hired.  Neither Mr. Domek nor Mr. Kaplan are African-American/Black.

1190331.1                                                 3

**ANSWER:** Defendant admits that plaintiff never received printed business cards from Perfection Equipment. Defendant admits that Mr. Domek and Mr. Kaplan are not African American/Black. Defendant denies each and every remaining allegation contained in Paragraph 12 of the Complaint.

13.     During the fourteen-month tenure of Mr. Ratleff's employment as a Sales Engineer, Mr. Barnhisel joked that Mr. Ratleff was hired as his "secretary. "

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14.     During the fourteen-month tenure of Mr. Ratleff's employment as a Sales Engineer, Mr. Barnhisel repeatedly "talked down" to Mr. Ratleff in a condescending manner as if he were stupid.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     During the fourteen-month tenure of Mr. Ratleff's employment as a Sales Engineer, Mr. Barnhisel repeatedly demanded that Mr. Ratleff perform menial tasks such as "fetching files" that were not appropriate for a Sales Engineer.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     On January 24, 2006, Mr. Ratleff was attempting to discuss a sales quote with Mr. Barnhisel as part of Mr. Ratleff's training, when he leaned on Mr. Barnhisel's desk.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies each and every allegation contained therein.

17.    Mr. Barnhisel abruptly told Mr. Ratleff not to touch his desk.  When Mr. Ratleff asked Mr. Barnhisel to explain himself, Mr. Barnhisel simply reiterated his demand that Mr. Ratleff not touch his desk.

**ANSWER:**    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies each and every allegation contained therein.

18.    On Friday, January 27, 2006, Mr. Ratleff delivered a written memo to Mr. Hale describing Mr. Barnhisel's conduct.  In his memo, Mr. Ratleff specifically requested a meeting to discuss the implications of Mr. Barnhisel's unusual, irrational and unexplained demand; stating that it was affecting his training.  Mr. Ratleff further stated that since the incident, Mr. Barnhisel had been preparing all of the quotes by himself and not involving Mr. Ratleff in the training process.

**ANSWER:**    Defendant admits that on or about January 27, 2006, plaintiff delivered a written memorandum to Alan Hale ("Hale").  Defendant denies each and every remaining allegation contained in Paragraph 18 because the allegations misrepresent and mischaracterize the contents of the written memorandum.

19.    On Monday, February 13, 2006, Mr. Ratleff delivered a second memo to Mr. Hale, again requesting a meeting to discuss Mr. Barnhisel's conduct (the first memo had not been addressed and no meeting was scheduled in the two weeks that followed).

**ANSWER:**    Defendant admits that on or about February 13, 2006, plaintiff delivered a second written memorandum to Hale.  Defendant admits that, in the memorandum, plaintiff requested a meeting.  Defendant denies each and every remaining allegation contained in Paragraph 19 of the Complaint.

20.    On February 28, 2006, Mr. Ratleff delivered a third memo to Mr. Hale, who had still not scheduled a meeting or addressed Mr. Ratleff's concerns.

**ANSWER:**   Defendant admits that on or about February 28, 2006, plaintiff delivered a third written memorandum to Hale.  Defendant denies each and every remaining allegation contained in Paragraph 20 of the Complaint.

21.     Upon receipt of a third request, over a period of 30 days, Mr. Hale finally held a meeting with Mr. Ratleff, Mr. Barnhisel and Kathy Pino (Administration).

**ANSWER:**   Defendant admits that Hale, Barnhisel and Kathy Pino ("Pino") met with plaintiff at his request.  Defendant denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

22.     Much to Mr. Ratleff's surprise, Mr. Hale accused Mr. Ratleff of having an "obvious personality problem" with Mr. Barnhisel which was "obstructing progress" and "disrupting operations."  Mr. Hale also warned Mr. Ratleff about the "overall perception" of his lack of competence.

**ANSWER:**   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff was surprised by Hale's comments.  Defendant admits the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Mr. Ratleff was specifically instructed to work more closely with Mr. Barnhisel and was told that another meeting would be held in 30 days.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.     Mr. Hale memorialized the events of the meeting in a memo to Mr. Ratleff dated March 3, 2006.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 24 of the Complaint.

1190331.1                                                   6

25.     Prior to complaining about Mr. Barnhisel's conduct, Mr. Ratleff had never received any type of negative performance review or heard any indication from management that his performance was below expectation.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26.     On March 10, 2006, Mr. Ratleff delivered a fourth memo to Mr. Hale stating that his original concerns with Mr. Barnhisel's conduct were not addressed.  He also stated that he needed specific examples of his lack of competency so that he could make the desired improvements; indicating that a lack of "competency" was never mentioned prior to his memo concerning Mr. Barnhisel's conduct.

**ANSWER:**    Defendant admits that on or about March 10, 2006, plaintiff delivered a fourth written memorandum to Hale.  Defendant denies each and every remaining allegation contained in Paragraph 26 of the Complaint because the allegations misrepresent and mischaracterize the contents of the written memorandum.

27.     Following the meeting and Mr. Ratleff's fourth memo, Mr. Barnhisel told Mr. Ratleff that he was instructed not to train him anymore, which directly conflicted with Mr. Hale's instructions at the meeting.  Mr. Barnhisel willfully refused to provide specific examples of Mr. Ratleff's incompetence or divulge who gave him this alleged directive to willfully and intentionally cease training efforts.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Following the meeting and Mr. Ratleff's fourth memo, Mr. Sanford Hahn (President) sarcastically stated to Mr. Barnhisel that the "world is coming to an end" because Tiger Woods (a black male) was "ranked #1."  Mr. Hahn's statement was willfully and intentionally made in Mr. Ratleff's presence while he was working at his desk.  Based upon Mr. Hale's previous accusation that Mr. Ratleff had a personality conflict when he complained about Mr. Barnhisel's conduct, Mr. Ratleff did not voice his concern with the racially inappropriate comment, although he understood Mr. Hahn's implication that a black man should not be the best golfer.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

29.    Despite Mr. Hale's specific written directive that a second meeting would be held 30 days after the initial meeting, Mr. Hale failed to hold such a meeting.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

30.    On May 10, 2006, Mr. Ratleff received a memo from Mr. Hale informing him that there would be a "restructuring" of the sales department and that as a result, his position would be eliminated and he would be terminated as of Friday, May 12, 2006.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 30.

31. Following Mr. Ratleff's termination he was replaced by a non-African American/Black.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

### IV.  CAUSES OF ACTION

### COUNT 1:    RACE/COLOR DISCRIMINATION

32.    Mr. Ratleff is African-American/Black.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.    PERFECTION EQUIPMENT discriminated against Mr. Ratleff by treating him differently than non-African-American/Black employees, treating him in a manner that can only be explained by racial animus, terminating his employment, and replacing him with a non-African-American/Black employee when his position was allegedly being eliminated in a "restructuring. "

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

34.    Despite the fact that Mr. Ratleff repeatedly complained to upper-level management, the discrimination was ignored and allowed to continue to the point of termination.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

35.    The actions of Alan Hale, Bob Barnhisel and PERFECTION EQUIPMENT were committed with malice or reckless disregard for Mr. Ratleff's rights.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36.    As a result of PERFECTION EQUIPMENT'S conduct, Mr. Ratleff suffered economic damages.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 36 of the Complaint.

## COUNT 2:    RETALIATION

37.    Following Mr. Ratleff's written complaint to Mr. Hale, PERFECTION EQUIPMENT intentionally retaliated by bullying Mr. Ratleff; accusing him of incompetence and of having a personality conflict that disrupted operations.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38.    Following Mr. Ratleff's written complaint to Mr. Hale, PERFECTION EQUIPMENT retaliated by willfully refusing to train Mr. Ratleff.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39.     Following Mr. Ratleff's written complaint to Mr. Hale, PERFECTION EQUIPMENT retaliated by willfully, recklessly and intentionally terminating Mr. Ratleff under the false pretense of "restructuring."

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 39 of

the Complaint.

40.     The actions of Mr. Hale and PERFECTION EQUIPMENT were committed with malice or reckless disregard for Mr. Ratleff's rights.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 40 of

the Complaint.

41.     As a result of PERFECTION EQUIPMENT'S conduct, Mr. Ratleff suffered economic damages.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 41 of

the Complaint.

WHEREFORE, Mr. Ratleff demands a trial by jury and prays that a judgment be entered against defendants [sic] for:
1.     Compensatory damages;
2.     Punitive damages;
3.     Statutory attorney's fees and costs; and
4.     Any other remedy the court sees fit, including court orders or injunctions, based upon the evidence presented at trial on the merits.

**ANSWER:**     Defendant denies that plaintiff is entitled to the relief requested or that

plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim for which relief can be granted.

2.     Defendant is not vicariously liable for any alleged unlawful conduct of Barnhisel

because he is not a "supervisor" within the meaning of applicable law.

3.    In the alternative, defendant is not vicariously liable for any alleged unlawful conduct of Barnhisel because he acted outside the scope of his employment.

4.    Defendant is not vicariously liable for any of the alleged conduct because defendant did not know and should not have known of the alleged unlawful conduct.

5.    In the alternative, defendant took reasonable steps to prevent and promptly correct any alleged unlawful conduct, and plaintiff failed to take advantage of preventive and corrective opportunities provided by defendant or to avoid harm otherwise.

6.    In the alternative, to the extent plaintiff complained of the alleged discriminatory conduct, defendant promptly and thoroughly investigated said complaints and promptly took corrective action reasonably calculated to end such alleged conduct.

7.    Plaintiff is not entitled to any of the requested relief because defendant's conduct and decisions related to plaintiff were motivated by legitimate, nondiscriminatory conduct.

8.    Plaintiff is not entitled to any of the requested relief because defendant did not engage in any discriminatory conduct.

9.    Plaintiff is not entitled to any of the requested relief to the extent he has failed to properly mitigate his alleged damages.

10.    Defendant has not engaged in any malicious, willful or intentional conduct.

11.    To the extent Plaintiff asserts claims outside the scope of his EEOC charge, such claims are barred.

12.    Defendant acted in good faith in accordance with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

13.　　Plaintiff's discrimination claims are barred, and the Court lacks jurisdiction over them, to the extent they were not the subject of a timely, proper administrative charge or any other prerequisite to suit has not been met.

14.　　Plaintiff's discrimination and retaliation claims are barred, and the Court lacks jurisdiction over them, to the extent that Defendant did not have administrative notice of such claims, nor the opportunity to respond and, therefore, statutory prerequisites to suit has not been met.

15.　　Plaintiff is barred from recovering punitive damages because of Defendant's good faith efforts to comply with applicable laws.

16.　　Plaintiff's punitive damage claims are barred or limited by the United States and Illinois Constitutions.

WHEREFORE, Defendant PERFECTION EQUIPMENT, INC. respectfully requests that this Court dismiss the Complaint in its entirety and award defendant such other relief as this Court deems just.

Dated:  September 3, 2008　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Regina W. Calabro
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for defendant PERFECTION
　　　　　　　　　　　　　　　　　　　　　　　EQUIPMENT, INC.


Ronald S. Cope, Esq.
Regina W. Calabro, Esq.
UNGARETTI & HARRIS LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
312.977.4400 (Telephone)
312.977.4405 (Facsimile)
rscope@uhlaw.com
rwcalabro@uhlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Regina W. Calabro, the undersigned attorney, certify that a true and correct copy of the foregoing **Defendant Perfection Equipment, Inc.'s Answer And Affirmative Defenses To Plaintiff's Complaint** was served on the parties listed below via the Court's ECF system on September 3, 2008 before 5:00 p.m. and via regular first class United States mail.

Robert C. Scremin
1829 North Milwaukee Avenue
Chicago, Illinois  60647
rscremin@lawyer.com

/s/ Regina W. Calabro